AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>ARMANDO SOTO-CARBAJAL<br><br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)          3:25-mj-1264-MCR<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 9, 2025__ in the county of __St. Johns__ in the
__Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 | Reentry of removed alien |

This criminal complaint is based on these facts:
See Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Scott R. Kraich, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __June 11, 2025__

_____
*Judge's signature*

Monte C. Richardson, United States Magistrate Judge
*Printed name and title*

City and state: __Jacksonville, Florida__

## CRIMINAL COMPLAINT AFFIDAVIT

I, Scott R. Kraich, being a duly sworn, states as follows:

1. I am a Special Agent for the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), and have been since November 2008. Previously, I was employed as a Correctional Probation Senior Officer and Correctional Probation Officer for the Florida Department of Corrections for approximately nine years and six months. I received a Bachelor of Science in Criminology from Florida State University in December 1993. I have training and experience in the preparation, presentation, and service of criminal complaints and arrest warrants related to violations of immigration laws.

2. The information set forth in this affidavit is based on my personal knowledge, as well as information obtained from other law enforcement officers involved in the investigation. Because this affidavit is submitted for the purpose of establishing probable cause of a violation of 8 U.S.C. § 1326 (Reentry of removed aliens), I have not included every detail.

3. On June 10, 2025, I spoke Saint John's County Sheriff's ("SJSO") Deputy Brian Armenta who stated on June 9, 2025, while conducting a routine patrol in the area of Interstate 95 at Mile Marker 322 in St. Johns County, Florida, he observed a 2002 white Chevrolet pick-up truck with a trailer hitch and a metal eye hook obstructing the visibility of the Florida license plate. Deputy Armenta conducted a traffic stop, identified the driver as someone with the initials of YHI,

and informed the driver for the reason of the traffic stop. An individual identified as Armando SOTO-CARBAJAL, the front seat passenger, provided an Illinois Driver's License as proof of identification. Deputy Armenta asked the driver (YHI) and SOTO-CARBAJAL to step out of the vehicle to speak with him near his patrol vehicle. Deputy Armenta gave the driver a verbal warning regarding the obstructed Florida license plate as he illustrated the obstruction to her.

4.  Deputy Armenta stated that while he was conducting database queries on both individuals, SOTO-CARBAJAL fled on foot eastbound from the traffic stop into a nearby tree line. SJSO Deputies M. Heymans and Armenta pursued SOTO-CARBAJAL on foot and ultimately located and detained him several hundred feet into the woods. The Deputies then took SOTO-CARBAJAL back to the traffic stop location.

5.  On June 10, 2025, I spoke with U.S. Customs and Border Protection Agent Mark Lamphere, who told me that he responded to the June 9 traffic stop. While at the scene, Deputy Armenta provided Agent Lamphere with SOTO-CARBAJAL's Illinois Driver's License. Agent Lamphere told me that he called ICE's Krome North Service Processing Center ("KNSPC") and provided SOTO-CARBAJAL's name and date of birth. The KNSPC personnel performed records checks and told Agent Lamphere that SOTO-CARBAJAL is a citizen of Mexico, who was illegally present in the United States, and was previously removed from the United States on at least three prior occasions.

6.	On June 9, 2025, Agent Lamphere administratively arrested SOTO-CARBAJAL, who was then transported to the Border Patrol Station in Jacksonville.

7.	During immigration processing, Border Patrol Processing Coordinator Ricardo Trevino entered SOTO-CARBAJAL's fingerprints into a biometric identification system that compared his fingerprints with the fingerprints of individuals who had been entered into the database, after encounters with immigration authorities. The system returned a match and reflected that SOTO-CARBAJAL had been previously encountered and assigned an A-number.

8.	On June 10, 2025, I reviewed a Notice to Alien Ordered Removed / Departure Vertification (Form I-296) received from SOTO-CARBAJAL's A-File. This document reflects SOTO-CARBAJAL was removed from Del Rio, Texas to Mexico on or about June 4, 2014.

9.	Further, on June 10, 2025, I reviewed three Warrants of Removal / Deportation (Forms I-205) from SOTO-CARBAJAL's A-File. The first document reflects SOTO-CARBAJAL was removed from Brownsville, Texas to Mexico on or about October 8, 2014. The second document reflects SOTO-CARBAJAL was removed from Brownsville, Texas to Mexico on or about September 9, 2019. The third document reflects SOTO-CARBAJAL was removed from Hidalgo, Texas to Mexico on or about December 6, 2019.

10.	On June 10, 2025, I also learned from reviewing a National Crime Information Center (NCIC) report for SOTO-CARBAJAL, that on February 1,

2019, he was arrested in the Ft. Myers Division in the Middle District of Florida for a violation of 8 U.S.C. § 1326, then convicted and sentenced to 7 months in prison.

11. On June 10, 2025, I called ICE's Law Enforcement Support Center ("LESC") and asked LESC personnel to run immigration service database/computer checks on SOTO-CARBAJAL to determine if there was any record that he had ever applied for or received permission to return to the United States after having been deported or removed. LESC personnel determined and reported to me that SOTO-CARBAJAL has never sought or received such permission.

12. Based upon the foregoing facts, there is probable cause that Armando SOTO-CARBAJAL is a citizen of Mexico who was found unlawfully present in the United States without first having obtained the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or reenter the United States after having been deported or removed from the United States, in violation 8 U.S.C. § 1326(a) & (b)(1).

Scott R. Kraich, Special Agent
Homeland Security Investigations
Jacksonville, Florida

Sworn to and subscribed before me this 11th day of June 2025.

MONTE C. RICHARDSON
United States Magistrate Judge

4